IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

CLAYTON LAMONT VANN                                                PETITIONER
ADC #108062

V.                              NO. 5:15cv00085-JTR

WENDY KELLEY, Director,                                            RESPONDENT
Arkansas Department of Correction

**MEMORANDUM AND ORDER**

Pending before the Court is a 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus filed by Petitioner, Clayton Lamont Vann ("Vann"),[1] an inmate in the Arkansas Department of Correction. *Doc. 2*.

**I. Background**

Before addressing Vann's habeas claims, the Court will review the procedural history of the case.

In March 1996, a jury in Pulaski County, Arkansas convicted Vann of capital murder.[2] He was sentenced to life imprisonment without parole. *Doc. 10-1, at 5*.

---

[1] Several state and federal court filings refer to Petitioner as "Lamont Van." However, he signed his current petition and other pleadings in this case as "Clayton Lamont Vann." *Doc. 1, at 2; Doc. 2, at 27; Doc. 3, at 9; Doc. 13, at 5*.

[2] According to the evidence at Vann's trial, he and Larry Tate were sitting in front of an apartment complex in the early morning hours of January 11, 1995, when Jackie Turner arrived at the complex by taxicab. Turner expressed to them an interest in purchasing drugs. Vann

On October 29, 1998, the Arkansas Supreme Court affirmed Vann's conviction. *Van v. State*, 1998 WL 760259 (Ark. Sup. Ct. Oct. 29, 1998) (per curiam).

On October 6, 1999, Vann filed in the trial court a *pro se* petition for post-conviction relief, which the court construed as being brought under Ark. R. Crim. P. 37. On October 22, 1999, the trial court entered an order denying the Rule 37 petition as untimely.[3] *Doc. 10-2*. Vann did not appeal.

On January 20, 2000, Vann filed in the trial court a second post-conviction petition. On February 9, 2000, the trial court entered an order denying that petition as untimely, and Vann did not appeal. *Doc. 10-3*.

More than seven years later, in September 2007, Vann filed in the trial court a *pro se* state petition for writ of habeas corpus. *Doc. 2, at 47*. On November 12, 2009, the trial court denied the petition for lack of jurisdiction because Vann was not incarcerated in Pulaski County. *Doc. 10-4*. He did not appeal.

On November 9, 2010, Vann filed, in Lincoln County Circuit Court, a second

---

offered to sell her some drugs, and Vann and Turner completed a transaction. Upon trying what Turner thought was crack cocaine, she accused Vann of selling her bogus drugs. Tate testified that an argument ensued, and that Vann flashed a gun and started to chase Turner toward the waiting taxicab. Shortly thereafter, according to the testimony of both Tate and the cab driver, Vann fatally shot Turner three times in the back. Vann later gave a statement to police, admitting he shot Turner. *Van v. State*, *infra*.

[3]*See Ussery v. State*, 2014 Ark. 186 at 2 (regardless of the label placed on a post-conviction filing by a prisoner, petitions raising claims cognizable under Rule 37 are subject to the time limitations contained in that rule; time limitations are jurisdictional in nature); Ark. R. Crim. P. 37.2(c)(ii) (Rule 37 petition must be filed within sixty days of issuance of the appellate court mandate affirming a conviction).

state habeas petition. On March 4, 2011, the court entered an order denying the petition for failure to state a cognizable claim for state habeas relief. *Doc. 10-5*. On June 23, 2011, the Arkansas Supreme Court dismissed his appeal, concluding that none of his claims had merit. *Van v. Hobbs*, 2011 Ark. 287 (per curiam), *cert. denied*, 132 S. Ct. 529 (2011).

On March 14, 2015, Vann initiated this *pro se* habeas action. In his habeas papers, he argues:

    (1)    He is actually innocent of the charged crime;

    (2)    He was denied due process because the felony information was amended the day of trial, and he had no notice of or opportunity to object or defend against the amended information;

    (3)    He was denied due process because the trial court denied his request to hire private counsel, forcing him to proceed with ineffective counsel throughout his trial;

    (4)    His trial counsel was ineffective for: (a) failing to object to the amended information, (b) refusing to assist Vann after he declined to "cop out to the 60 years plea offered by the State," (c) failing to conduct an adequate pretrial investigation, (d) failing to file a timely motion to suppress his custodial statement, (e) continuing to represent him despite "conflicting interests," and (f) failing to call an eyewitness, Norman Adams, to testify at trial; and

    (5)    He was denied due process because the prosecutor made misleading statements in his closing argument and in his direct examination of the medical examiner, and Vann's attorney failed to object; and

    (6)    The prosecutor presented "fabricated" testimony from a police detective regarding Vann's custodial statement, and Vann's attorney failed to object.

*Docs. 2 & 3*. Respondent filed a Motion to Dismiss and Brief in Support, arguing that Vann's claims are barred by the one-year statute of limitations applicable to federal habeas petitions. *Docs. 9 & 10*. Vann filed a Response. *Doc. 13*.

For the reasons discussed below, Vann's Petition for Writ of Habeas Corpus is denied because all of his claims are barred by the one-year statute of limitations.

## II. Discussion

A state prisoner seeking to challenge his state court conviction in federal court generally must file a petition for habeas relief within one year after the state judgment of conviction becomes final by conclusion of direct review or the expiration of the time for seeking such review. 28 U.S.C. § 2244(d)(1)(A). Because a criminal defendant may seek certiorari review of his conviction with the United States Supreme Court, his state court judgment of conviction becomes "final" when the Supreme Court "affirms [the] conviction on the merits or denies a petition for certiorari," or, if certiorari is not sought, when the time for filing such a petition expires. *Gonzalez v. Thaler*, 132 S. Ct. 641, 653-54 (2012).

On October 29, 1998, the Arkansas Supreme Court affirmed Vann's conviction. He elected not to file a petition for writ of certiorari with the United States Supreme Court. Thus, his conviction became "final" on January 27, 1999, when the ninety-day

period for seeking certiorari expired.[4] From that date, Vann had one year, until January 27, 2000, to file this habeas action. He initiated this action on March 14, 2015, more than fifteen years *after* expiration of the statute of limitations.[5]

The federal limitations period is tolled while a "*properly filed*" application for post-conviction relief is pending in state court.[6] 28 U.S.C. § 2244(d)(2). When the state courts determine a post-conviction petition is untimely under the applicable state provisions, "that [is] the end of the matter" for purposes of determining whether it was "properly filed" under § 2244(d)(2). *Allen v. Siebert*, 552 U.S. 3, 5-7 (2007); *Pace v. DiGuglielmo*, 544 U.S. 408, 414, 417 (2005).

Here, on October 22, 1999 and February 9, 2000, the state court unequivocally held that Vann's Rule 37 petitions were untimely under state law. Accordingly, the one-year federal habeas statute of limitations began to run on January 27, 1999, ninety days after the Arkansas Supreme Court affirmed Vann's conviction on October 29,

---

[4]*See* U.S. Sup. Ct. R. 13.1 & 13.3.

[5]Although the Clerk of Court received and file-stamped Vann's § 2254 Petition on March 17, 2015, it was deemed "filed," as a matter of law, on the date it was delivered to prison authorities for mailing to the Court. *Streu v. Dormire*, 557 F.3d 960, 962 (8th Cir. 2009); *see* Rule 3(d), Rules Governing § 2254 Cases in United States District Courts. Vann certified that he placed his Petition in the prison mailing system on March 14, 2015. *Doc. 2*, *at 27*.

[6]A state post-conviction application is "properly filed" when "its delivery and acceptance are in compliance with the applicable laws and rules governing filings," including "the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000).

5

1998.[7] Because both of Vann's Rule 37 petitions in state court were deemed to be untimely, neither of those proceedings acted to toll the running of the one-year period for Vann to initiate this action.

Similarly, neither of Vann's belated state habeas petitions had any statutory tolling effect because they were both filed long *after* the statute of limitations had already run. *See Jackson v. Ault*, 452 F.3d 734, 735-36 (8th Cir. 2006) (the statute of limitations for filing a federal habeas action "cannot be tolled after it expires").

To excuse his untimeliness, Vann argues that he is entitled to equitable tolling of the limitations period because: (1) he had two serious medical conditions that prevented him from meeting state and federal deadlines;[8] and (2) he could not timely and adequately present any of his claims in state court, due to ineffective assistance

---

[7]As indicated earlier, during this ninety-day period of time, Vann did *not* seek *certiorari* review of the Arkansas Supreme Court's decision with the United States Supreme Court.

[8]Vann alleges that he suffered from a "painful hernia," for which surgery was recommended in May 1998 and which prevented him from sitting or standing "for over a minute or two at a time." He also alleges that he had a "serious eye injury" causing pain, "blindness," and difficulty reading without tinted glasses, which were not provided until December 2012. He alleges that, during the period for seeking state post-conviction relief and filing a federal habeas action, he did not have "strength to focus through the pains and the physical ability to sit up," which caused him to be "mentally dysfunctional, stressed and emotionally damaged." *Doc. 13, at 2-3*. In support of his allegations, Vann submits: (1) two prison medical records, showing that hernia surgery was recommended on May 28, 1998, and hernia repair performed on April 26, 2005, *id. at 27-28*; (2) prison medical records showing he was diagnosed with an eye condition and light sensitivity in 2004 and 2005, for which vitamins and tinted glasses were recommended, *id. at 29-30*; (3) prison grievances he filed in 2004 and 2005 regarding his hernia pain and vision problems, and in 2012 regarding his eye problems, *id. at 32-44*; (4) an affidavit to the warden in February 2005 about his hernia and eye problems, *id. at 48*; (5) affidavits from two inmates, signed in May 2015, regarding Vann's physical limitations, *id. at 24-26*.

6

of counsel at trial and in his direct appeal, and due to the lack of counsel in his state post-conviction proceedings and during the period for seeking federal habeas relief. In support of his second argument, he cites *Martinez v. Ryan*, 132 S. Ct. 1309 (2012) and *Trevino v. Thaler*, 133 S. Ct. 1911 (2013). *Doc. 2, at 23-24; Doc. 13*.

Because the United States Supreme Court has held that § 2244(d) is a statute of limitations, not a jurisdictional bar, it may be subject to equitable tolling if a petitioner can show that: (1) he has been "pursuing his rights diligently"; but (2) "some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 645, 649 (2010).

First, Vann has not demonstrated that he pursued his rights "diligently." After the Arkansas Supreme Court affirmed his conviction in 1998, Vann waited almost one year before seeking any post-conviction relief in state court, failed to appeal the denials of his state post-conviction petitions, then waited *more than seven years* before again seeking relief in state court. When those state proceedings became final, Vann waited *another four years* before initiating this federal habeas action. Such conduct clearly does *not* show diligence. *See Pace*, 544 U.S. at 419 (petitioner failed to pursue his rights diligently where he waited years before filing a state post-conviction petition, then waited five more months after his post-conviction proceedings became final before seeking federal habeas relief); *Nelson v. Norris*, 618

F.3d 886, 893 (8th Cir. 2010) (no diligence where petitioner did not file his federal habeas petition until nine months after state supreme court denied rehearing in his post-conviction proceeding).

Second, Vann has not demonstrated any "extraordinary circumstance" as required by *Holland*. While his medical conditions undoubtedly made it more difficult for him to proceed at times, he has not demonstrated that they *prevented* him from timely filing a federal habeas action. Only one of the submitted medical records concerns the time period before the habeas deadline of January 27, 2000.[9] Vann presents no other documentation to support his conclusory assertion that he suffered from debilitating physical and/or mental conditions during the period for filing a timely habeas petition. In fact, during that period he was able to initiate two *pro se* post-conviction proceedings in state court.[10] *See Docs. 10-2 & 10-3*. Even if he filed those actions with the assistance of other inmates, he obviously was capable of obtaining that assistance, gathering the necessary facts and information, and effectively communicating that information to the inmates who assisted him.

Moreover, despite his allegations that his medical conditions continued to

---

[9]This medical record, dated May 28, 1998, reflects that a prison physician recommended surgery for Vann's hernia, which was "bulging ... firm – unreduceable at this time – painful to touch," with "pulsation and constipation." *Doc. 13, at 27*.

[10]He also was able to file several *pro se* motions in his direct appeal in 1996 and 1997. *See id. at 7-11*.

incapacitate him in the years following the federal habeas deadline, Vann was able to initiate a *pro se* § 2254 habeas action (in July 2004)[11] and three prisoner civil rights actions (in 2005, 2011 and 2014), in which he made more than 150 *pro se* filings.[12] Thus, Vann's own actions undercut his contention that he was physically and mentally incapable of initiating a § 2254 federal action in a timely manner.

Finally, no "extraordinary" circumstances exist due to the allegedly ineffective assistance of Vann's trial and appellate counsel, or his lack of counsel during the time for seeking state or federal post-conviction relief. Under well-established Eighth Circuit law, equitable tolling is *not* justified by a petitioner's *pro se* status, lack of legal knowledge or legal resources, or any confusion about the federal limitations period or state post-conviction law. *See, e.g., Johnson v. Hobbs*, 678 F.3d 607, 611 (8th Cir. 2012); *Shoemate v. Norris*, 390 F.3d 595, 597-98 (8th Cir. 2004).

In addition, courts have uniformly held that, although *Martinez* and *Trevino*

---

[11]*Van v. Norris*, E.D. Ark. No. 5:04cv00253-JLH (showing that Vann filed a *pro se* § 2254 petition and amended petition, then moved to dismiss without prejudice so he could seek further relief in state court).

[12]*Van v. Norris, et al.*, E.D. Ark. No. 5:05cv00229-SWW (civil rights action pending from August 2005 to August 2008, in which Vann made more than 40 *pro se* filings, propounded and responded to discovery requests, represented himself at an evidentiary hearing in District Court, then appealed to the Eighth Circuit); *Vann v. Hobbs, et al.*, E.D. Ark. No. 5:11cv00146-JMM (civil rights action pending from June 2011 to May 2013, in which Vann made more than 60 *pro se* filings, propounded and responded to discovery requests, presented argument and exhibits at a hearing on the parties' motions for summary judgment, and then, with appointed counsel, proceeded to a jury trial); *Vann v. Olson, et al.*, E.D. Ark. No. 5:14cv00118-KGB-JTR (still pending civil rights action, in which Vann has made more than 40 *pro se* filings).

changed the law regarding federal habeas review of *procedurally defaulted* claims,[13] the decisions do not constitute an "extraordinary circumstance" warranting equitable tolling of the one-year statute of limitations for filing a timely § 2254 habeas action. *See, e.g., Arthur v. Thomas*, 739 F.3d 611, 628-31, 633 (11th Cir.) (holding that "the reasoning of the *Martinez* rule does not apply to ... [the one-year] limitations period in § 2254 cases or any potential tolling of that period"), *cert. denied*, 135 S. Ct. 106 (2014); *Parkhurst v. Wilson*, 525 F. App'x 736, 738 (10th Cir. 2013) (habeas petitioner's "recent discovery of a relevant legal defense" based on *Martinez*, does not provide a basis for equitable tolling); *Tolefree v. Hobbs*, 2015 WL 2237886, at *4 & n.5 (E.D. Ark. May 12, 2015) (citing cases).

Accordingly, Vann is not entitled to equitable tolling.

Finally, Vann argues that his untimeliness should be excused based on the "actual-innocence" exception set forth in *McQuiggin v. Perkins*, 133 S. Ct. 1924 (2013). *Doc. 13, at 3*. He bases his actual-innocence claim on an affidavit from Norman Adams, dated November 7, 1995. *Id. at 49*. According to the affidavit, around 1:30 or 2:00 a.m. on January 11, 1995, Adams "heard a lot of arguing going on" and then observed Larry Tate "take the gun from [Vann] and start shooting at the woman

---

[13]In *Martinez* and *Trevino*, the Court narrowly proscribed the circumstances under which lack of counsel, or ineffective assistance of counsel, at the initial step of state post-conviction review could establish "cause" to excuse a habeas petitioner's procedural default of a claim that his trial counsel rendered ineffective assistance.

who got out of the cab." *Id.* Vann alleges that he could not testify in his own behalf at trial because "he had been smoking P.C.P." and "didn't remember what all happen[ed]," but that Adams would have testified to the "true facts." *Doc. 2, at 16.*

In *McQuiggin*, the Court held that "actual innocence, if proved, serves as a gateway through which a petitioner may pass" to overcome the expiration of the statute of limitations. *McQuiggin*, 133 S. Ct. at 1928. The Court cautioned that "tenable actual-innocence gateway pleas are rare," and reiterated the "demanding" standard articulated in its previous cases: "[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id.* (citing *Schlup v. Delo*, 513 U.S. 298, 329 (1995), and *House v. Bell*, 547 U.S. 518, 538 (2006)).

The actual-innocence exception requires a habeas petitioner to come forward with "new reliable evidence" which was "not available at trial through the exercise of due diligence." *Schlup*, 513 U.S. at 324; *Kidd v. Norman*, 651 F.3d 947, 951-53 (8th Cir. 2011). A habeas petitioner's "unexplained delay" in coming forward with his new evidence is a factor to be considered in evaluating the "credibility of evidence proffered to show actual innocence." *McQuiggin*, 133 S. Ct. at 1935-36.

Adams' affidavit simply does not constitute "new reliable evidence." The

affidavit was executed in November 1995, approximately four months before Vann's trial.[14] However, Vann alleges that he did not receive Adams' affidavit until 2009, when Vann's mother sent it to him. He does not explain why he failed to obtain the affidavit earlier. Thus, the affidavit is not "new" evidence that was "not available at trial through the exercise of due diligence." *Kidd*, 651 F.3d at 953.[15] In addition, the reliability of the affidavit is undermined by Vann's failure to explain why, after obtaining the affidavit from his mother in 2009, he waited six years before using it to support an actual-innocence claim in a federal habeas action.

The law is clear that, "[w]ithout any new evidence of innocence, even the existence of a concededly meritorious constitutional violation is not in itself sufficient to establish a miscarriage of justice that would allow a habeas court to reach the merits of a barred claim." *Schlup*, 513 U.S. at 316; *see Nooner v. Hobbs*, 689 F.3d 921, 937 (8th Cir. 2012) (when habeas petitioner fails to present new, reliable evidence of

---

[14]Vann admits that he and his trial attorney knew Adams was a potential witness, but Vann alleges that his attorney "intentionally forgot to call" Adams because Vann refused to accept a plea offer. *Doc. 2, at 16*.

According to the transcript of a pretrial hearing at which Vann and his attorney were both present, Vann's attorney told the court he would need a court order to bring Adams to trial from the jail. *Id. at 41*.

[15]*See Osborne v. Purkett*, 411 F.3d 911, 919-20 (8th Cir. 2005) (no "new" evidence where affidavit was based on information existing at time of trial, which could have been discovered earlier if pursued with diligence); *Nance v. Norris*, 392 F.3d 284, 291 (8th Cir.2004) (no actual-innocence showing with information that was available at trial, on direct appeal and throughout post-conviction proceedings); *Bannister v. Delo*, 100 F.3d 610, 618 (8th Cir.1996) (affidavit is not new evidence if defendant was aware at trial of facts contained in affidavit, even if defendant was not aware of document itself).

innocence, "it is unnecessary to conduct a further *Schlup* analysis"), *cert. denied*, 134 S. Ct. 58 (2013).

Accordingly, all of Vann's habeas claims are time-barred.

### III. Conclusion

IT IS THEREFORE ORDERED that Respondent's Motion to Dismiss, *Doc. 9*, is GRANTED, and that this 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus, *Doc. 2*, is DISMISSED, WITH PREJUDICE.

IT IS FURTHER ORDERED THAT a Certificate of Appealability is DENIED.[16]

DATED THIS 19th DAY OF June, 2015.

_____
UNITED STATES MAGISTRATE JUDGE

---

[16]*See* 28 U.S.C. § 2253(c)(1)-(2); Rule 11(a), Rules Governing § 2254 Cases in United States District Courts.